## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

GREGORY P. ERICKSON,          )        CASE NO. 5:25-cv-1606
                     )
                     )
          Plaintiff,      )        CHIEF JUDGE SARA LIOI
                     )
                     )
vs.                 )        **MEMORANDUM OPINION**
                     )        **AND ORDER**
                     )
COMMISSIONER OF SOCIAL     )
SECURITY,               )
                     )
                     )
          Defendant.     )

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Reuben J. Sheperd recommending that the Court affirm the decision of the defendant, the Commissioner of Social Security ("the Commissioner"), denying the applications of plaintiff, Gregory P. Erickson ("Erickson"), for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Doc. No. 12 (R&R).) Erickson filed timely objections to the R&R (Doc. No. 13 (Erickson's Objections)), and soon thereafter the Commissioner filed a response (Doc. No. 14 (Commissioner's Response)). Upon *de novo* review, and for the reasons set forth below, the Court overrules Erickson's objections, accepts the R&R, affirms the decision of the Commissioner, and dismisses the case.

## I.   BACKGROUND[1]

On January 6, 2023, Erickson filed applications for DIB and SSI. (Doc. No. 8 (Administrative Transcript), at 233.)[2] He alleged disability owing to a number of conditions, including vertigo, migraines, heart issues, and balance issues. (*Id.* at 287.) Erickson alleged a disability onset date of November 20, 2021. (*Id.* at 233.) Erickson's application was denied initially (*id.* at 87) and upon reconsideration (*id.* at 107). Erickson then requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 154–55). The hearing was held on June 24, 2024. (*Id.* at 44.) The hearing transcript is in the record. (*Id.* at 44–86.)

The ALJ issued his decision on August 19, 2024. (*Id.* at 19.) The ALJ found that Erickson suffered from severe impairments, including degenerative disc disease of the cervical and lumbar spine, hearing loss, vestibular disorder, migraines, and obesity. (*Id.* at 25.) But the ALJ also determined that these impairments did not meet or medically equal the severity of any one of the listed impairments in the Social Security regulations (*id.* at 27), and that Erickson retained the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations, subject to certain limitations (*id.* at 28). The ALJ concluded that Erickson could perform a significant number of other jobs existing in the national economy, such as routing clerk, mail clerk, and cleaner/housekeeper, and was, therefore, not disabled as defined under § 1614(a)(3)(A) of the Social Security Act. (*Id.* at 36–37.) Erickson subsequently requested a review of the ALJ's decision. (*Id.* at 371–72.) On July 1, 2025, the Appeals Council denied Erickson's

---

[1] The R&R contains a more detailed recitation of the factual background in this case. (*See* Doc. No. 12.) This Court includes only the factual and procedural background pertinent to Erickson's objections.

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

request for review. (*Id.* at 6–11.) Erickson timely filed the instant action, seeking judicial review. (Doc. No. 1 (Complaint).) Erickson, represented by counsel, filed a brief on the merits (Doc. No. 9), the Commissioner filed a response (Doc. No. 10), and Erickson filed a reply (Doc. No. 11). On April 28, 2026, the magistrate judge issued his R&R, recommending that the Court affirm the Commissioner's decision. (*See generally* Doc. No. 12.)

The magistrate judge found that the ALJ properly considered all severe and non-severe impairments when determining Erickson's RFC (*id.* at 18–22), evaluated the expert medical opinions (*id.* at 22–28), and considered the issue of absenteeism in determining Erickson's RFC (*id.* at 28– 32). The magistrate judge noted that although the ALJ did not discuss Erickson's vision impairments at Step Two of the sequential analysis,[3] the failure was harmless because the vision impairments were later considered in Step Four. (*Id.* at 18–22.) Having determined that the ALJ applied the proper legal standard and reached a decision supported by substantial evidence, the magistrate judge recommended that the Commissioner's decision denying Erickson's applications for DIB and SSI be affirmed. (*Id.* at 32.)

## II.    STANDARD OF REVIEW

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term

---

[3] As used herein, "sequential analysis" refers to the five-step evaluation process used to evaluate disability under 20 C.F.R. §§ 404.1520(a)(4)(i)–(v) and 416.920(a)(4)(i)–(v) for DIB and SSI claims, respectively. The same analysis applies for both DIB and SSI claims. *See Shiveley v. Comm'r of Soc. Sec.*, No. 1:13-cv-788, 2015 WL 248092, at \*1 (S.D. Ohio Jan. 20, 2015) ("[T]he same analysis applies to SSI as to DIB.").

is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010) (citation omitted). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014) (citation omitted); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] [c]ourt might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55 (citation omitted). This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to

reversal merely because there exists in the record substantial evidence to support a different conclusion." (quotation marks and citation omitted)).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (further citations omitted)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

## III. DISCUSSION

Erickson submits two objections to the R&R, arguing that: (i) the magistrate judge erred in concluding that the ALJ's decision was supported by substantial evidence because the ALJ did not explain the RFC limitations in relation to Erickson's vision impairments; and (ii) the magistrate judge did not respond to relevant case law cited in Erickson's brief on the merits. (*See generally* Doc. No. 13.)

**A. The Magistrate Judge Did Not Err in Concluding that the ALJ's Decision was Supported by Substantial Evidence**

Erickson maintains that the magistrate judge's R&R was erroneous because the ALJ's decision was not supported by substantial evidence. (*Id.* at 1–4.) Specifically, Erickson contends that the ALJ's decision did not adequately discuss his vision impairments.[4] (*Id.*) He argues that the ALJ's decision demonstrated a "clear avoidance of evidence that supports [Erickson's] claim for disability" with its limited discussion of his vision impairments. (*Id.* at 2.) He alleges that although he "constantly complained and received treatment" for his vision impairments, the ALJ's decision neither "mention[ed] the diagnoses" nor "provide[d] a reasoned explanation as to why limitations were excluded from the final RFC." (*Id.* at 1–2.)

Despite this alleged lack of discussion, the magistrate judge concluded that the ALJ adequately accounted for Erickson's vision impairments in the form of Erickson's RFC limitations. (*See* Doc. No. 12, at 20.) Erickson contends that this amounts to a "*post hoc* justification" because the ALJ did not explain how the RFC limitations related to his vision impairments. (Doc. No. 13, at 3.) According to Erickson, this warrants remand of the matter for further consideration. (*Id.* at 4.)

The Court concludes that the ALJ's findings were supported by substantial evidence. The ALJ noted that Erickson reported having "sensitivity to light" and "peripheral vision issues" which "can cause dizziness." (Doc. No. 8, at 29, 32.) The decision also referenced the opinion of Dr. Samantha Zaczyk of Northern Ohio Eye Surgeons that Erickson "can only perform work in 10-15

---

[4] "Vision impairments," as discussed in Erickson's objections, refer to his diagnoses of convergence insufficiency, asthenopia, presbyopia, and exophoria. (*Id.* at 1.)

6

[minute] increments before needing to take a 1-2 hour break due to his vision fatigue[.]"[5] (*Id.* at 35.) Finally, the ALJ's decision stated that Erickson was engaged in vision therapy and syntonic light therapy, that he reported "much improvement" as of February 2023, and that Erickson's condition was improved through the use of glasses. (*Id.* at 31, 33.) Based on the entire record—including evidence of Erickson's vision impairments—the ALJ included a limitation in the RFC that prohibited Erickson from: (i) climbing ladders, ropes, or scaffolds; (ii) working at unprotected heights, near moving mechanical parts, or in positions that require operating a motor vehicle; and (iii) working in conditions with more than moderate noise. (*Id.* at 28.) The ALJ's RFC determination "demonstrated meaningful engagement with the facts presented in the record" by providing a detailed recitation of the evidence presented and making a credibility assessment as to the expert medical opinion of Dr. Zaczyk. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 441 (6th Cir. 2012). Furthermore, the ALJ's RFC limitations—specifically the prohibition on working at unprotected heights, near moving mechanical parts, or in positions that require operating a motor vehicle—"flow[] naturally" from Erickson's vision impairments and "do[] not require further explanation." *See, e.g., Stitzlein v. Comm'r of Soc. Sec.*, No. 1:25-cv-808, 2025 WL 3537586, at \*7 (N.D. Ohio Dec. 10, 2025) (finding ALJ considered claimant's vision impairment in RFC limitation that claimant avoid unprotected heights, heavy machinery, and commercial driving); *Walker v. Comm'r of Soc. Sec.*, No. 1:21-cv-1474, 2022 WL 2612244, at \*11 (N.D. Ohio May 17, 2022) (finding ALJ considered claimant's vision impairment in RFC limitation that

---

[5] The ALJ did not find this opinion persuasive because it was "not well supported," "not consistent with [Erickson's] daily activities," and "contradicted by [Erickson's] negative COVID test in 2021." (*Id.* at 35.) He also found that aspects of the opinion "infringe[d] on the ultimate issue of disability, which is reserved to the Commissioner." (*Id.*) Erickson did not object to the magistrate judge's determination that the ALJ properly evaluated the expert medical opinion of Dr. Zaczyk. (*See* Doc. No. 12, at 23–25.)

claimant avoid unprotected heights, dangerous machinery, driving, and jobs that require precise depth perception), *report and recommendation adopted*, 2022 WL 4479922 (N.D. Ohio Sept. 27, 2022); *Sedgwick v. Kijakazi*, No. 2:22-cv-120, 2023 WL 7924804, at \*9–11 (E.D. Tenn. Nov. 16, 2023) (finding ALJ considered claimant's vision impairment in RFC limitation that claimant avoid unprotected heights, moving mechanical parts, and job functions requiring depth perception).

The Court rejects Erickson's argument that the magistrate judge's evaluation of the ALJ's decision represents a "*post hoc* justification." The magistrate judge did not impermissibly substitute his reasoning for the reasoning of the ALJ. Rather, the magistrate judge outlined the ALJ's reasoning in explaining why the RFC limitations are supported by substantial evidence. This is not a *post hoc* justification.[6] Although the ALJ may not have explicitly stated why Erickson's vision impairments necessitate each individual RFC limitation, the ALJ's decision adequately built an accurate and logical bridge between the evidence and the result. *See Fleischer*, 774 F. Supp. 2d at 877 (citations omitted). The Court can reasonably discern why the RFC limitations prohibiting Erickson from working at unprotected heights, near moving mechanical parts, or in positions that require operating a motor vehicle relate to his vision impairments. That is enough for the Court to uphold the ALJ's decision; the mere fact that the ALJ could have been more explicit in his articulation does not compel this Court to remand the matter for further administrative proceedings. *See Garland v. Ming Dai*, 593 U.S. 357, 369, 141 S. Ct. 1669, 210 L. Ed. 2d 11 (2021) ("[A] reviewing court must uphold even a decision of less than ideal clarity if the agency's path may reasonably be discerned." (quotation marks and citations omitted));

---

[6] Even if it were a *post hoc* justification, the Court need not consider *post hoc* objections when, as here, the ALJ's decision is supported by substantial evidence. *See Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 847 (6th Cir. 2005); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 159 (6th Cir. 2009) (citation omitted); *Oslavic v. Comm'r of Soc. Sec.*, No. 4:25-cv-39, 2026 WL 776124, at \*7 (N.D. Ohio Mar. 19, 2026) (citation omitted).

*Shkabari v. Gonzales*, 427 F.3d 324, 328 (6th Cir. 2005) ("[N]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." (quotation marks and citation omitted)).

Erickson also contends that the ALJ's limitations "were a copy and paste from the state agency" and that they were based on Erickson's vestibular problems, not his vision issues. (Doc. No. 13, at 3.) But this is contradicted by the ALJ's express discussion of Erickson's vision impairments. (*See* Doc. No. 8, at 28–29, 31–33, 35.) Additionally, the fact that the RFC limitations cover Erickson's vestibular problems does not mean that they cannot also address his vision impairments. *See Stitzlein*, 2025 WL 3537586, at *7 (rejecting claimant's argument that an ALJ is forbidden from using a limitation to cover multiple conditions).

The ALJ's decision was supported by substantial evidence and the magistrate judge's R&R is not a *post-hoc* justification. Erickson's first objection is overruled.

### B. The Magistrate Judge's Failure to Respond to Case Law Cited to in Erickson's Brief Does Not Warrant Remand

Erickson also contends that the magistrate judge did not respond to "relevant case law" cited in his brief on the merits. (Doc. No. 13, at 4.) Specifically, Erickson argues that the magistrate judge failed to address *Revello v. Comm'r of Soc. Sec.*, No. 5:20-cv-1860, 2021 WL 6064784 (N.D. Ohio Dec. 22, 2021), a case he cites to in his brief on the merits. Erickson alleges that "[u]nder *Revello*, the Court should remand the matter for further review." (*Id*. at 5.)

"There is no requirement that an opinion quote from, analyze, or address every case cite mentioned by the parties." *Armengau v. Warden, London Corr. Inst.*, No. 2:19-cv-1146, 2022 WL 17484358, at *28 n.21 (S.D. Ohio Dec. 7, 2022); *see also Wood v. Kijakazi*, No. 1:20-cv-323, 2023 WL 2664738, at *7 (E.D. Tenn. Mar. 28, 2023) (overruling plaintiff's objection that the magistrate

judge failed to address two cases cited in his briefing), *aff'd sub nom. Wood v. Comm'r of Soc. Sec.*, No. 23-5494, 2024 WL 400232 (6th Cir. Feb. 2, 2024). The mere fact that the magistrate judge did not expressly address certain cases cited to by Erickson in his merits brief does not inherently entitle him to have the matter remanded for further review. The Court nevertheless will consider *Revello* in addressing Erickson's objection.

In *Revello*, the magistrate judge recommended that the Commissioner's final decision denying claimant's applications for DIB and SSI be vacated because the ALJ did not address claimant's urinary incontinence and prolapsed bladder at either Step Two or Step Four of the sequential analysis. 2021 WL 6064784, at *5–6. The magistrate judge held that "[t]he ALJ failed to apply the proper legal standards in making his findings as to Step Two because he failed to adequately articulate his finding [that claimant's urinary incontinence and prolapsed bladder were not severe impairments]." *Id.* at *5. The magistrate judge also held that "the error was not harmless because the ALJ also failed to show that he considered [claimant's] prolapsed bladder and urinary incontinence impairments in his subsequent Step Four analysis." *Id.*

*Revello* is clearly distinguishable from this case. The ALJ expressly considered Erickson's vision impairments in Step Four of his analysis. (*See* Doc. No. 8, at 28–29, 31–33, 35.) Any error at Step Two is therefore rendered harmless because the ALJ considered the cumulative effect of Erickson's impairments later in his analysis. *See Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (citation omitted). The court in *Revello* even recognized that an ALJ's failure to discuss an impairment at Step Two is not reversible error when, as in the present case, it is considered later in the sequential analysis. *See* 2021 WL 6064784, at *5 ("Normally, although such minimal discussion [of an impairment] may constitute a *per se* legal error, the error could be

remedied by the ALJ showing some indication that the impairments were considered in the decision's remaining analysis." (citing *Nejat*, 359 F. App'x at 577) (further citation omitted)). Because the ALJ did just that, *Revello* does not support remand.

The magistrate judge's failure to respond to a distinguishable, unreported case cited in Erickson's merits brief in no way entitles Erickson to have the matter remanded for further review. Erickson's second objection is overruled.

## IV.     CONCLUSION

For the reasons discussed above, Erickson's objections to the R&R (Doc. No. 13) are **OVERRULED**, the R&R (Doc. No. 12) is **ACCEPTED**, and the Commissioner's decision is **AFFIRMED**. This case is **DISMISSED**.

   **IT IS SO ORDERED**.


Dated: May 29, 2026

   **HONORABLE SARA LIOI**
   **CHIEF JUDGE**
   **UNITED STATES DISTRICT COURT**